STEVENSON, J.
 

 The defendant, James P. Mullins, was tried by jury and convicted of manslaughter and culpable negligence. In this appeal, the defendant seeks reversal and a new trial, alleging error in the failure to include the cross-examination portion of the testimony in response to the jury’s request for a play-back, the denial of two special jury instructions, comments made by the prosecutor during closing, and the imposition of costs and fines. We find merit in only the first of these claims, reversing and remanding for a new trial on that basis.
 

 The victim, Anthony Gehle, and his wife, Angela, were separated. On March 12, 2009, Gehle took the couple’s daughter to the home his wife shared with her boyfriend, the defendant. It was undisputed that the defendant punched Gehle and, thereafter, Gehle drove away from the home with the defendant winding up on the hood of Gehle’s car. Gehle then ran the stop sign and was struck by an oncoming vehicle. The State’s theory was that the defendant had deliberately jumped onto the hood of Gehle’s car; that the defendant had hung onto the hood, attempting to punch Gehle through the open driver’s side window; and that, as a result, Gehle panicked, accelerated through the stop sign, and was struck by an oncoming vehicle. According to the defense theory, the defendant wound up on the hood of the car after Gehle deliberately struck the defendant with the car. The defendant was simply trying to hold on and made no attempts to punch Gehle through the window. Gehle’s failure to stop at the stop sign was not the product of any fear or panic, but of his desire to harm the defendant.
 

 The chief witnesses to the events that resulted in the crash were Gehle’s wife, Gehle’s sister-in-law, and Esdras Gomez, the driver of the vehicle that struck Gehle. During their deliberations, the jurors sent a note indicating they would like “to hear the testimony of Angela Gehle [Gehle’s wife] concerning James Mullins jumping on the hood of the car” and the testimony of Gomez “concerning James Mullins jumping/falling off the car.” In response to the request, the trial court replayed the relevant portions of the witnesses’ testimony on direct examination. The cross examination on these same subjects was not replayed. The defendant insists the failure to include the cross examination, as requested by the defense, was reversible error. We agree.
 

 Trial courts are afforded broad discretion in matters concerning the read-back or play-back of testimony.
 
 See, e.g., Kelley v. State,
 
 486 So.2d 578, 588 (Fla.1986). And, in the case of a partial read-back of testimony, our supreme court has found no abuse of discretion where “[t]he portions of the testimony read ... were directly related and responsive to the jury’s interrogatory; they were not misleading and did not place undue emphasis
 
 *706
 
 on any particular statement.”
 
 Garcia v. State,
 
 644 So.2d 59, 62 (Fla.1994). Here, however, the failure to include the cross examination was misleading in that testimony on cross examination was within the scope of the jury’s request and yet the jury was not told that the play-back included only the testimony elicited on direct examination. And, more importantly, the partial play-back served to emphasize a version of events favorable to the State and diminish a version favorable to the defense.
 

 On direct examination, Angela Gehle testified that it was obvious to her that the defendant had intended to end up on the hood and that Gehle’s car was already in motion when the defendant jumped on the hood. But, on cross, the wife testified that the defendant jumped on the hood and then Gehle’s car took off. This point is significant as the State repeatedly argued to the jury that the defendant had jumped on the hood of the car while the car was in motion and that jumping on the hood of a moving car was conduct showing a reckless disregard for the safety of others, i.e., by jumping on the hood, the defendant not only panicked the driver, but blocked his view of the stop sign. This reckless disregard was an essential component of the charged offenses.
 
 [1]
 

 With respect to the defendant jumping/falling off the hood, Gomez testified on direct that he saw somebody on the hood of the car and that the man “rolled off’ and “jumped off’ before impact. He was not asked on direct how far away Gehle was from the stop sign when the defendant jumped/rolled off the hood. On cross, defense counsel elicited testimony that the defendant rolled off the hood before the stop sign and that, at the time, he was “pretty close” and “probably” one car length away. The combination of Gomez’s testimony on cross suggesting the defendant jumped/rolled off the hood prior to the stop sign and the unrefuted testimony from the accident reconstruction expert that Gehle was still accelerating when he went through the stop sign lends some support to the defendant’s theory that Gehle was the aggressor and not acting out of panic or fear due to the defendant’s jumping on the hood.
 

 Accordingly, we reverse the defendant’s convictions and remand for a new trial.
 

 Reversed and Remanded.
 

 POLEN and TAYLOR, JJ., concur.
 

 [1]
 

 . The standard jury instructions for manslaughter and culpable negligence, which were read to the jury, provide in relevant part:
 

 In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
 

 See
 
 Fla. Std. Jury Instr. (Crim.) 7.7 Manslaughter; Fla. Std. Jury Instr. (Crim.) 8.9 Culpable Negligence.